The Honorable Richard A. Jones

RECEIVED (DROP BOX)

APR 29 2021



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and GOPRO, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PENGYU BUILDING MATERIALS, an unknown entity; XUE MINGHAI, an individual, d/b/a PENGYU BUILDING MATERIALS/WHOLESALE OF OUTDOOR; CHENTAOTAO, an unknown entity, d/b/a NANA GYENFIE/EXPLORE THE OUTDOORS; NANA GYENFIE, an individual; HU WEI, an individual; ZHAO RONGLIN, an individual; LI ZHONGYI, an individual; PAN LINXING, an individual; ZHU SHAOCHUAN, an individual; and DOES 1-10,<br><br>Defendants. | No. 2:21-cv-00358-RAJ<br><br>**PLAINTIFFS'** *EX PARTE* **MOTION FOR EXPEDITED DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: APRIL 29, 2021<br><br>**[FILED UNDER SEAL]** |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Amazon.com, Inc. ("Amazon") and GoPro, Inc. ("GoPro") (collectively, "Plaintiffs") respectfully move the Court for an order granting leave to serve third-party subpoenas prior to the Rule 26(f) conference in order to obtain records relating to the identities and locations of Defendants. Specifically, Plaintiffs seek leave to serve subpoenas on banks and email service providers in order to discover information regarding Defendants' current

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 1
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

whereabouts, the identities of the Does who conspired with them to perpetrate their counterfeiting operation, and the location of the unlawful proceeds of that operation. This expedited discovery will allow Plaintiffs to obtain additional information about the Defendants—bad actors responsible for perpetrating an unlawful counterfeiting scheme through which they advertised and sold counterfeit camera accessories in the Amazon store, willfully deceiving Amazon, GoPro, and their customers. These same bad actors took intentional and affirmative steps to obscure and conceal their true identities and whereabouts from Plaintiffs by opening their Amazon Selling Accounts ("Selling Accounts") with fraudulent and falsified information. Without expedited discovery, Plaintiffs cannot determine the current locations of the Defendants and the identities of other bad actors involved in the scheme, and Plaintiffs will be left without a means to recover from Defendants' harm.

## II. BACKGROUND

### A. Plaintiffs' Claims

On March 12, 2021, Plaintiffs filed a Complaint alleging claims for trademark infringement, false designation of origin, and false advertising under the Lanham Act, and a violation of the Washington Consumer Protection Act. Complaint, Dkt. 1 ("Complaint") at ¶¶ 61-88. Plaintiffs also moved to temporarily seal this case during the pendency of a parallel criminal investigation that Plaintiffs are actively conducting into the same Defendants in China, in order to prevent Defendants from diverting or hiding evidence, assets, and counterfeit goods. Plaintiffs' Motion to Seal, filed on March 12, 2021 ("Motion to Seal"). The Court granted the Motion to Seal on April 23, 2021. Order Granting Ex Parte Motion to Temporarily Seal Documents and Case, filed on April 23, 2021.

Plaintiffs' claims arise from Defendants' unlawful sale of camera accessories utilizing GoPro Trademarks without authorization on Amazon.com. When Defendants opened their Amazon Selling Accounts, Defendants actively misled Amazon in an effort to obscure or conceal their true locations. Declaration of Alex Calvert in Support of Plaintiffs' Motion for Expedited Discovery ("Calvert Decl.") ¶¶ 5, 7-12. For instance, Defendants doctored false

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 2
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

credit card statements to substantiate their fake identities and to evade Amazon's controls. *Id.* Plaintiffs have conducted a thorough investigation to determine the current whereabouts of Defendants but have been unable to discern current locations for them.

### B. Amazon Selling Accounts

Amazon offers third-party resellers and brand owners the ability to sell products in the Amazon store by registering a Selling Account. The Defendants used seven different Selling Accounts in the Amazon store to advertise, market, offer, distribute, and sell counterfeit GoPro camera accessories in violation of GoPro's intellectual property rights, and in direct contravention of Amazon's anti-counterfeiting terms and policies. Complaint ¶¶ 35-56.

Through their illegal actions, the Defendants willfully deceived Plaintiffs and their customers, harmed the integrity of the Amazon store, tarnished Amazon's and GoPro's brand, infringed GoPro's intellectual property rights, and damaged Amazon's and GoPro's customers. *Id.* ¶¶ 65, 72, 78, 82, 87. The Defendants' illegal actions breached numerous provisions of the Amazon Services Business Solutions Agreement ("BSA"), which entitles Amazon to injunctive relief to stop the Defendants from infringing others' intellectual property rights. *Id.* ¶¶ 35-39, 79. The Defendants' actions constitute trademark infringement under the Lanham Act, 15 U.S.C. § 1114, false designation of origin and false advertising under the Lanham Act, 15 U.S.C. § 1125, and unfair and deceptive acts under the Washington Consumer Protection Act, RCW 19.86.010, *et seq.*, for which Plaintiffs seek equitable relief and their costs and attorneys' fees. *Id.* ¶¶ 61-88.

### C. Plaintiffs' Investigation of Defendants

Plaintiffs have made significant, ongoing attempts to identify and locate the Defendants, with limited success. When the Defendants opened their Selling Accounts, they provided false names and addresses for each account in order to evade Amazon's account registration and seller verification processes. For example, Defendants provided Amazon with false and misleading credit card statements reflecting their false identities, in order to circumvent

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 3
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Amazon's policies that require sellers to provide proof of their identities. Calvert Decl. ¶¶ 5, 7-12.

### 1. Pengyu Building Materials and Xue Minghai d/b/a Pengyu Building Materials/Wholesale of Outdoor

Based on its investigations, Amazon determined that the Selling Account of Defendant Pengyu Building Materials and Defendant Xue Minghai, d/b/a Pengyu Building Materials/Wholesale of Outdoor, is associated with two addresses in China. *See* Calvert Decl. ¶ 5. Upon further investigation, the addresses appear to be false and deliberately misleading. *Id.* Tellingly, Defendants also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is xueminghai96@sina.com. Calvert Decl. ¶ 5. The @sina.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, Sina Corporation. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 2. Chentaotao d/b/a Nana Gyenfie/Explore the Outdoors and Nana Gyenfie

Based on its investigations, Amazon determined that the Selling Account of Defendant Chentaotao and Defendant Nana Gyenfie, d/b/a Nana Gyenfie/Explore the Outdoors, is associated with an address in China. Calvert Decl. ¶ 6.

Additionally, the email address for the Selling Account is taotaochen83@sina.com. *Id.* The @sina.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, Sina Corporation. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 3. Hu Wei

Based on its investigations, Amazon determined that the Selling Account of Defendant Hu Wei was associated with an address in China. Upon further investigation, the address

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 4
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

appears to be false and deliberately misleading. Calvert Decl. ¶ 7. Tellingly, Defendant also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is mrhuwei86@hotmail.com. Calvert Decl. ¶ 7. The @hotmail.com email domain is a free e-mail service operated by Microsoft. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 4. Zhao Ronglin

Based on its investigations, Amazon determined that the Selling Account of Defendant Zhao Ronglin was associated with an address in China. Upon further investigation, the address appears to be false and deliberately misleading. Calvert Decl. ¶ 8. Tellingly, Defendant also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is zhaoronglin12@sina.com. Calvert Decl. ¶ 8. The @sina.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, Sina Corporation. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 5. Li Zhongyi

Based on its investigations, Amazon determined that the Selling Account of Defendant Li Zhonyi was associated with an address in China. Upon further investigation, the address appears to be false and deliberately misleading. Calvert Decl. ¶ 9. Tellingly, Defendant also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is lizhongyii@163.com. Calvert Decl. ¶ 9. The @163.com email domain is a free e-mail service popular in China that is

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 5
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

operated by the Chinese-based technology company, NetEase Information Technology Corporation. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 6. Pan Linxing

Based on its investigations, Amazon determined that the Selling Account of Defendant Pan Linxing was associated with an address in China. Upon further investigation, the address appears to be false and deliberately misleading. Calvert Decl. ¶ 10. Tellingly, Defendant also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is panlinxing87@163.com. Calvert Decl. ¶ 10. The @163.com email domain is a free e-mail service popular in China that is operated by the Chinese-based technology company, NetEase Information Technology Corporation. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

### 7. Zhu Shaochuan

Based on its investigations, Amazon determined that the Selling Account of Defendant Zhu Shaochuan was associated with an address in China. Upon further investigation, the address appears to be false and deliberately misleading. Calvert Decl. ¶ 11. Tellingly, Defendant also misled Amazon at the time they opened their Selling Account by submitting a credit card statement for verification purposes that appears to have been digitally altered to include a false address to evade Amazon's account registration and seller verification processes. *Id.*

Additionally, the email address for the Selling Account is zhushaochuan86@hotmail.com. Calvert Decl. ¶ 11. The @hotmail.com email domain is a free e-mail service operated by Microsoft. *Id.* There is no known U.S. business address for this Selling Account. *Id.*

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 6
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

### 8. Third Party Bank and Email Providers Associated With Defendants

Plaintiffs have determined through investigation that the Defendants' Selling Accounts are associated with bank accounts at First Century Bank, which, on information and belief, is acting as an automated clearinghouse ("ACH") for a company called Payoneer. Calvert Decl. ¶ 13; Declaration of Scott R. Commerson in Support of Plaintiffs' Motion for Expedited Discovery ("Commerson Decl.") ¶ 2. In cases with similar fact patterns, Amazon has issued subpoenas to First Century Bank for financial records associated with Selling Accounts. First Century Bank has responded that the records requested within the subpoena were created and maintained by Payoneer, as part of a "special use account" opened exclusively to receive ACH funds. After Payoneer confirmed that it will accept subpoenas relating to First Century Bank accounts, Amazon proceeded to reissue subpoenas to Payoneer, which in turn produced responsive documents. Commerson Decl. ¶ 2.

Additionally, Defendants used email addresses operated by multiple email service providers in order to register their Selling Accounts. The domain for the email addresses used to register the Selling Accounts of Defendants Pengyu Building Materials, Xue Minghai d/b/a Pengyu Building Materials/Wholesale of Outdoors, Chentaotao d/b/a Nana Gyenfie/Explore the Outdoors, Nana Gyenfie, and Zhao Ronglin is @sina.com, a free e-mail service popular in China that is operated by the Chinese-based technology company, Sina Corporation. The domain for the email addresses used to open the Selling Accounts of Defendants Li Zhonyi and Pan Linxing is @163.com, another free e-mail service popular in China operated by Chinese-based technology company, NetEase Information Technology and Corporation. The domain for the email addresses used to open the Selling Accounts of Defendants Hu Wei and Zhu Shaochuan is @hotmail.com, an e-mail service operated by Microsoft.

### D. Requested Discovery.

Expedited discovery through third-party subpoenas to the financial institutions associated with the bank accounts and credit cards linked to the Selling Accounts as well as the email providers linked to the Selling Accounts will likely uncover crucial information about the

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 7
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

counterfeiting operation and the individuals behind it, both known and unknown. Commerson Decl. ¶ 3. Because Plaintiffs' proposed expedited discovery is focused, both in scope and as to the third parties Plaintiffs wish to serve, the request is targeted to accomplish the goals authorized by law as set forth above—to identify unknown Defendants, locate the current whereabouts of known and unknown Defendants, and obtain key information about the location of counterfeit goods and proceeds from their sale. Accordingly, Plaintiffs respectfully request that the Court authorize expedited discovery through third-party subpoenas relating to the allegations and claims in this case to First Century Bank, N.A., Payoneer, Sina Corporation, NetEase Information Technology Corporation, and Microsoft. *See id.*

## III. ARGUMENT

### A. The Court Should Authorize Early Discovery to Locate Defendants and Other Potential Bad Actors.

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although the Ninth Circuit has not directly defined the standard for allowing expedited discovery, "courts in this jurisdiction require that the moving party demonstrate that 'good cause' exists to deviate from the standard pretrial schedule." *Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (Martinez, J.); *Microsoft Corp. v. Mai*, 2009 WL 1393750, at *5 (W.D. Wash. May 15, 2009) (Jones, J.); *Renaud v. Gillick*, 2007 WL 98465, at *2 (W.D. Wash. Jan. 8, 2007) (Lasnik, J.).

"Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Microsoft Corp.*, 2009 WL 1393750, at *5 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool*, 208 F.R.D. at 277. The relevant factors in assessing good cause are the requesting party's

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 8
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

diligence, its intent in seeking the requested information, and whether the opposing party will be prejudiced if the Court grants the motion. *See Renaud*, 2007 WL 98465, at *3; *Music Grp.*, 2014 WL 11010724, at *1-2. Each factor supports granting Plaintiffs' motion:

### 1. Plaintiffs' Diligence

Plaintiffs have been diligent in attempting to uncover the identities and locations of the Defendants and the other bad actors responsible for the illegal counterfeiting scheme alleged in the Complaint. Plaintiffs have attempted to identify and locate Defendants both in the United States and in China as part of a parallel criminal investigation through: (1) using investigative and law enforcement tools, including TransUnion's software, TLO, (Commerson Decl. ¶ 4, Calvert Decl. ¶¶ 16); (2) examining the information Defendants provided to Amazon when creating their Selling Accounts (Calvert Decl. ¶ 16); (3) searching public records for the names and addresses provided by Defendants in creating their Selling Accounts (*id.*); and (4) tracing the IP addresses for the computers through which logins to these Selling Accounts were made (*id.*). Despite these extensive efforts, Plaintiffs have been unable to locate the true identities of the Defendants and their current whereabouts.

Accordingly, this factor supports granting Plaintiffs leave to conduct expedited discovery.

### 2. Plaintiffs' Intent

Plaintiffs seek information about the persons, their whereabouts, and the financial transactions behind the counterfeiting scheme, as well as the identities of additional unknown defendants, in order to hold them legally accountable for their misconduct. Plaintiffs reasonably believe that limited expedited discovery of third-party companies will help them determine the Defendants' current whereabouts as well as the identities of other bad actors involved in the scheme. The Ninth Circuit has repeatedly recognized the propriety of such expedited discovery into the identities of defendants. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also Young v. Transp. Deputy Sheriff I*, 340 F. App'x 368, 369 (9th Cir. 2009), *cert. denied* 558 U.S.

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 9
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

1096 (2009) (vacating judgment and remanding to district court to allow plaintiff the opportunity to discover the identity of two unknown deputy sheriff defendants). Discovery into the financial institutions associated with the Selling Accounts will also help Plaintiffs trace the illicit proceeds obtained from the scheme.

Plaintiffs anticipate they will complete their parallel criminal investigation within several months, at which point they will move to unseal the case. In the meantime, they are seeking expedited discovery in order to discover crucial information about the counterfeiting operation and the individuals behind it, both known and unknown. Commerson Decl. ¶ 3. Expedited discovery may uncover information about the Defendants' current whereabouts so that Plaintiffs can serve them with the Complaint after it is unsealed. *Id.* ¶ 3. Because Plaintiffs' intent is to "advance the litigation and save judicial resources," *Renaud*, 2007 WL 98465, at *3, this factor supports granting Plaintiffs leave to conduct expedited discovery.

### 3. Prejudice to Defendants

The Defendants will suffer no cognizable prejudice if Plaintiffs are granted leave to conduct expedited discovery. Plaintiffs' request for expedited discovery is narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating an illegal campaign that harmed Plaintiffs and their customers. Further, the requested discovery is directed at non-parties, not the Defendants. Granting "third party document requests will not impose a significant burden upon [D]efendants." *Id.* Accordingly, Defendants will suffer no cognizable prejudice if the Court grants Plaintiffs' motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to grant leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas to obtain information from email service providers and banks utilized by the Defendants or associated with the Defendants' illegal counterfeiting scheme. Plaintiffs may request leave to serve additional Rule 45 subpoenas on any other companies to the extent they are identified in subpoena responses as having

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 10
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

responsive information for the limited purpose of identifying and locating the Defendants and other bad actors responsible for the illegal counterfeiting scheme alleged in the Complaint.

DATED this 29th day of April, 2021.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

*s/ Scott R. Commerson*
Scott R. Commerson (*pro hac vice application forthcoming*)

865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

PLAINTIFFS' MOTION FOR EXPEDITED
DISCOVERY [FILED UNDER SEAL] – 11
(No. 2:21-cv-00358-RAJ)

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax