1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

               Plaintiffs,

    v.

PENGYU BUILDING MATERIALS, et al.,

               Defendants.

Case No. C21-0358-JNW-SKV

ORDER GRANTING PLAINTIFFS'
EX PARTE MOTION FOR
ALTERNATIVE SERVICE

## INTRODUCTION

Plaintiffs Amazon.com, Inc. (Amazon) and GoPro, Inc. (GoPro) filed an *Ex Parte* Motion for Alternative Service.  Dkt. 20.  They seek an order authorizing completion of service of process by email on Defendants Jing Chen and Jinfang Fang.  The Court, having considered the motion, all documents filed in support, and the balance of the record, herein GRANTS Plaintiffs' motion for the reasons set forth below.

## BACKGROUND

This matter involves allegations of trademark infringement, false designation of origin and false advertising under the Lanham Act, and violations of the Washington Consumer Protection Act associated with the sale of counterfeit GoPro camera accessories in the

Amazon.com store ("Amazon Store").  *See* Dkts. 1 & 16.  In filing suit, Plaintiffs named as Defendants:  (1) Pengyu Building Materials; (2) Xue Minghai, d/b/a Pengyu Building Materials/Wholesale of Outdoor; (3) Chentaotao, d/b/a Nana Gyenfie/Explore the Outdoors; (4) Nana Gyenfie; (5) Hu Wei; (6) Zhao Ronglin; (7) Li Zhongyi; (8) Pan Linxing; and (9) Zhu Shaochuan.  Dkt. 1.  They alleged Defendants sold counterfeit goods through a number of different Amazon "Selling Accounts."  *Id*.

Through investigation, Plaintiffs discovered Defendants had provided invalid addresses and telephone numbers in connection with the Selling Accounts, and that the Selling Accounts were owned by entities located in China.  Dkt. 21, ¶¶2-11.  As authorized by the Court, Plaintiffs conducted third-party discovery, including discovery on various email service providers and a financial institution, each of which had been used by one or more Defendants in connection with their Selling Accounts.  *Id*., ¶¶12-18.

The discovery showed that six of seven Selling Accounts were linked to two Payoneer Inc. (Payoneer) accounts held by Chen and Fang.  *Id*., ¶18.  Specifically, discovery showed that Chen is responsible for a Payoneer account linked to the Explore the Outdoors Selling Account, while Fang is responsible for the following five Selling Accounts:  Pengyu Building Materials/Wholesale of Outdoor; The Adventure – USA; LZI & Outdoor Adventure Wholesale; PLX Sports Shop; and Quality is Job 1.  *Id*.  The discovery also showed that the Payoneer accounts received disbursements from the respective Selling Accounts.  *Id*., ¶¶18-19.  Given this information, Plaintiffs filed a First Amended Complaint adding Chen and Fang as Defendants.  Dkt. 16.

Plaintiffs also investigated Chen and Fang's whereabouts for service.  Payoneer's production included physical addresses located in China for Chen and Fang, and showed that the

1  IP addresses from which Chen and Fang accessed their Payoneer accounts trace back to China.

2  *Id.*, ¶¶20-21.  However, through further investigation, Plaintiffs found the address associated

3  with Chen does not exist and that the address associated with Fang housed a grain and feed shop

4  with no apparent ties to this action.  *Id.*, ¶20.

5        The discovery did not reveal any information on the Defendants named in the original

6  Complaint.  *Id.*, ¶23.  Nor did Payoneer's document production link the seventh Selling Account

7  at issue – MrHu Shop – with Chen or Fang.  *Id.*, ¶23 & n.2.  Plaintiffs, accordingly, anticipate

8  eventually dismissing Defendants other than Chen and Fang, and do not currently seek to serve

9  the email address found to be associated with the MrHu Shop Selling Account.  *Id.*

10       As related to Chen and Fang, Plaintiffs contend it can be inferred from the discovery that

11  they are responsible for the six Selling Accounts described above.  *Id.*, ¶19.  They identify the

12  following email addresses as associated with those accounts:  (1) Xueminghai96@sina.com

13  (Pengyu Building Materials); (2) Taotaochen83@sina.com (Explore the Outdoors); (3)

14  Zhaoronglin12@sina.com (The Adventure – USA); (4) lizhongyii@163.com (LZY & Outdoor

15  Adventure Wholesale); (5) Panlinxing87@163.com (PLX Sports Shop); and (6)

16  Zhushaochuan86@hotmail.com (Quality is Job 1).  Dkt. 22, ¶6.  They assert that Amazon's

17  records reflect that Defendants provided the above-described email addresses in order to register

18  and access the Selling Accounts, that they regularly received and responded to communications

19  from Amazon using the addresses, and that the addresses are the primary means of

20  communication from Amazon to the individuals or entities associated with the accounts.  *Id.*,

21  ¶¶4-7.  They also provide more specific information as to the times during which the addresses

22  were used and the time the associated Selling Accounts were suspended.  *Id.*, ¶¶8-13.

23

On June 7, 2023, Plaintiffs sent emails to each of the email addresses described above using RPost, an online service that provides proof of delivery emails.  Dkt. 25, ¶2.  The emails apprised Defendants of the pending actions and provided copies of the Amended Complaint, civil cover sheet, and summonses.  *Id*.  Plaintiffs did not receive error notices, bounce-back messages, or any other indication that the emails had not been delivered.  *Id*.  They received confirmation via RPost that the emails were successfully delivered.  *Id*.   They now move for an order authorizing them to complete service of process on Chen and Fang by email.

<u>DISCUSSION</u>

Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign countries by:  (1) internationally agreed means of service reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) "by other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

In addition to the requirements of Rule 4(f), "a method of service of process must also comport with constitutional notions of due process."  *Id*.  "To meet this requirement, the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

/ / /

A.   Rule 4(f)

Plaintiffs assert their inability to locate a physical address for Chen or Fang.  *See* Dkt. 21.

Plaintiffs' investigation revealed that Chen and Fang reside at unknown locations overseas,

likely in China.  China has been a party to the Hague Convention since 1992.  *See* Contracting

Parties to Hague Convention, https://www.hcch.net/en/instruments/conventions/status-

table/?cid=17 (last visited June 21, 2023).

The Hague Convention expressly "shall not apply where the address of the person to be

served with the document is not known."  Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969),

20 U.S.T. 361, 1969 WL 97765.  Here, because they have been unable to locate a physical

address for Chen or Fang, Plaintiffs could not utilize methods authorized by the Hague

Convention.  Moreover, because the Convention does not apply, it does not bar service by email.

Whether or not the Hague Convention applies, this Court and other courts have

concluded that email service on individuals located in China is not prohibited by the Hague

Convention or by any other international agreement.  *See, e.g., Rubie's Costume Co., Inc. v. Yiwu

Hua Hao Toys Co.*, C18-1530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019)

(email service in China "not expressly prohibited by international agreement").  *See also

Amazon.com, Inc. v. Dafang HaoJiafu Hotpot Store*, No. C21-0766-RSM, 2021 WL 4307067, at

*1-2 (W.D. Wash. Sept. 22, 2021) (stating "courts in this district regularly authorize requests for

service by email on foreign defendants in countries that are parties to the Convention" and

granting motion for alternative service in China and Hong Kong).

Plaintiffs here demonstrate the need for the Court's intervention.  The Court further finds

that service by email is not prohibited by international agreement.  Plaintiffs therefore show that

an Order permitting service by email comports with Rule 4(f).

B.     Due Process

       The Court must also determine whether service of process on Chen and Fang through email would comport with due process.  That is, the Court must consider whether this method of service is "reasonably calculated, under all the circumstances," to apprise Chen and Fang of this action and afford them the opportunity to object.  *Mullane*, 339 U.S. at 314.

       Plaintiffs show that Chen and Fang are responsible for Payoneer accounts associated with the Selling Accounts at issue and that the above-described email addresses were used to conduct business on Amazon, serve as the primary means of communication between Amazon and Defendants, and that the addresses remain active, as demonstrated by test emails sent successfully and with no indication of a failure to deliver.  *See* Dkt. 21, ¶¶18-21; Dkt. 22, ¶¶5-13; Dkt. 25, ¶2.  Plaintiffs argue that this showing supports the conclusion that service on Chen and Fang by email is reasonably calculated to provide them with actual notice.

       As found by the Ninth Circuit, the decision to allow service by email lies within the district court's discretion where the defendant has "structured its business such that it could be contacted *only* via its email address" and "designated its email address as its preferred contact information."  *Rio Props., Inc.*, 284 F.3d at 1018 (emphasis in original).  The situation here is somewhat less clear because Amazon suspended the Selling Accounts at issue.  Dkt. 22, ¶¶8-13.  As a result, Chen and Fang no longer conduct business with Amazon through the accounts.  Plaintiffs have, however, verified that the email addresses used to register and otherwise associated with the Selling Accounts remain active.

       This Court has concluded that the due process requirement for alternative service by email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and are successfully receiving messages."  *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR,

2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).  The Court has, accordingly, authorized service by email where plaintiffs identified email addresses defendants used for Amazon Selling Accounts and verified the addresses remained active, finding sufficient indicia that the defendants were likely to receive notice if served by email and due process concerns satisfied. *See, e.g.*, *KexleWaterFilters*, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL 2837076, at *3 (W.D. Wash. Apr. 7, 2023).  *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper "because Defendants structured their counterfeit business such that they could only be contacted by email[,]" the court authorized service by email, and the emails sent did not bounce back as undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).  In contrast, where plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email addresses were still valid.  *KexleWaterFilters*, 2023 WL 2017002, at *2, 4 (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action."), *renewed motion granted*, *KexleWaterFilters*, 2023 WL 3902694, at *2.  *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any

attempts to contact defendants, including attempted communication via email, through Selling

Accounts, or by any other means).

Plaintiffs here demonstrate that all physical addresses obtained in relation to Chen and

Fang were incorrect or otherwise inadequate for service. They also demonstrate that email

addresses used by Chen and Fang to register Amazon Selling Accounts, serving as the primary

means of communication with Amazon, and used to conduct business in the Amazon Store

remain active. Together, these circumstances provide sufficient indicia that Chen and Fang are

likely to receive notice if served by email. The Court therefore finds service through email is

reasonably calculated to apprise Chen and Fang of this action and provide an opportunity to

respond, and thus satisfies concerns of due process.

CONCLUSION

The Court, in sum, GRANTS Plaintiffs' *Ex Parte* Motion for Alternative Service. Dkt.

20. Specifically, the Court authorizes Plaintiffs to serve Defendants through the following email

addresses: (1) Defendant Jing Chen: Taotaochen83@sina.com; and (2) Defendant Jinfang Fang:

(a) Xueminghai96@sina.com; (b) Zhaoronglin12@sina.com; (c) Lizhongyii@163.com; (d)

Panlinxing87@163.com; and (e) Zhushaochuan86@hotmail.com. Plaintiffs are ORDERED to

complete service and file proof of service by **July 6, 2023**.

Dated this 22nd day of June, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PLAINTIFFS' EX PARTE
MOTION FOR ALTERNATIVE SERVICE - 8